# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 13-295 |
| | ) Judge Cathy Bissoon |
| DARRELL HOLLOWAY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant's Motion for Reduction/Modification of Supervised Release Terms and Sentence (Doc. 28) will be DENIED.

## Background

Defendant pleaded guilty to conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine on January 15, 2014. (Doc. 8.) On May 2, 2014, this Court sentenced Defendant to 87 months imprisonment and a five-year term of supervised release. (Doc. 22.) Following an amendment to the Sentencing Guidelines reducing the offense levels in drug cases, and upon Defendant's Unopposed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 25), the Court reduced Defendant's sentence to 70 months imprisonment and five years of supervised release on October 26, 2015. (Docs. 26, 27.)

On June 30, 2016, Defendant filed the instant Motion (Doc. 28), *pro se*, seeking a reduction of his supervised release term and sentence on three grounds: (1) that the Court's imposition of a five-year term of supervised release was not tailored to Defendant and was excessively harsh in light of his individual characteristics; (2) that Defendant's sentence should be reduced by virtue of additional credit for time served in custody; and (3) that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) created a general

1

constitutional rule that ambiguous provisions of the Sentencing Guidelines are invalid, and, as applied to Defendant, that his sentence should be reduced to the extent any ambiguous Guideline provisions factored into his sentence.[1]

The Government filed a Response in Opposition to Defendant's Motion on July 14, 2016, (Doc. 29). The Supreme Court issued its decision in Beckles v. United States, 137 S. Ct. 886 (2017) on March 6, 2017.

**Analysis**

The Court agrees with the analysis in the Government's Response as to grounds (1) and (2), and adopts the Government's analysis on these grounds as if fully stated herein. As to ground (3), the Supreme Court's decision in Beckles foreclosed challenges to the sentencing guidelines based on unconstitutional vagueness. Id. at 890 ("the advisory Guidelines are not subject to vagueness challenges"). The salient points of the Government's Response to grounds (1) and (2) are summarized below.

As to Defendant's first ground for relief, the Court may not consider Defendant's request to reduce his term of supervised release until "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Because Defendant's term of supervised release has not yet begun, this motion must be denied.

Defendant's second claim for relief must be denied because 18 U.S.C. § 3582(c) prohibits the Court from modifying a term of imprisonment, once imposed, absent several narrow

---

[1] Defendant also seeks a reduction in his sentence to the extent that his sentence was based on the presence of a firearm under 18 U.S.C. 924(c) or based on the crimes of violence provision of 18 U.S.C. 924(e); however, neither of these provisions played a role in the Court's sentence. (See Presentence Investigation Report, p. 6 (Doc. 12) (adopted by the Court)).

exceptions (none of which include an alleged miscalculation by the Bureau of Prisons as to time in custody).

* * *

For these reasons, Defendant's Motion for Reduction/Modification of Supervised Release Terms and Sentence (Doc. 28) is hereby DENIED.

IT IS SO ORDERED.

BY THE COURT:

January 4, 2018                          s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record